PHILADELPHIA & R. R. Co. *et al.* *v.* THE MAYOR, ETC., OF NEW YORK.[1]

(*District Court, S. D. New York.* March 1, 1889.)

WHARVES—MUNICIPAL CORPORATIONS—DEPARTMENT OF DOCKS.

The New York municipality is liable for damage caused to a vessel-owner by the failure of the department of docks as its agent to keep in proper repair one of the city's wharves, on Blackwell's island, though its use is devoted solely to the department of charities and corrections.

In Admiralty.
*R. D. Benedict*, for libelant.
*Henry R. Beekman*, for respondent.

BROWN, J. Section 6, subd. 2, of the act of 1871, c. 574, gives the department of docks exclusive charge and control of the wharf property belonging to the corporation, including all wharves thereon now owned by the corporation, "the said department to have exclusive charge and control of the repairing, building, and maintaining and protecting said property." This specific provision makes it the duty of the department of docks to maintain and keep in repair the wharf on the east side of Blackwell's island, although the use of the dock is solely for the benefit of the department of charities and corrections, and, like all other property appropriated to the use of that department, is in its general "custody and keeping." The title to the property is still in the city. There are many cases in which the city has been held liable for failure to keep the docks in proper repair since, as well as before, the act of 1871. *Kennedy* v. *Mayor*, 73 N. Y. 365; *Heissenbuttel* v. *Mayor*, 30 Fed. Rep. 456; *Macauley* v. *Mayor*, 67 N. Y. 602, and cases there cited. These decisions could only proceed upon the view that the department of docks was regarded as the agent of the municipality in performing the various duties devolved upon it by the act of 1871. In the case first cited the court say: "The city was charged with the duty of keeping the dock in a safe condition." The wharf, in this case, was not, indeed, for the use of the general pub-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

lic, but it was for the use of the department of charities and corrections, and of all persons and boats that should have occasion to come to the wharf in the business of that department, or at their invitation; and such is the fact as respects the libelant and his boat. He went to the wharf with his canal-boat, to deliver a load of coal for that department. He moored his boat along-side, fastened to the spiles in a way not unusual, and sufficient, had the spiles been in proper condition. The tide there runs strong, and during the ebb the northerly spile was pulled out by the force of the tide pressing against the boat, so that the boat broke adrift and afterwards sank. The wharf was about 25 years old. There is no proof of any reasonable and proper attention to the repair of the dock, or of examination for that purpose. This was obligatory on the city, and on the department of docks, as its agent. The libelant had no notice of any weakness of the spiles. I cannot find him chargeable with any negligence. The boat was not in kind different from those previously accustomed to use the dock in the delivery of coal. The libelant had a right to assume that the spiles were sufficient for the purpose for which they were held out to those who had lawful occasion to use them in the service of the department of charities and corrections. The city, through the department of docks, was bound to maintain the wharf in a safe condition for use, and to make such examination and renewals from time to time as would render it fit and safe for the purpose designed, and for which they knew it was to be applied. The case therefore falls within the principle of *Ehrgott* v. *Mayor*, 96 N. Y. 264, and *Edgerton* v. *Mayor*, 27 Fed. Rep. 230, and not within the cases of *Maxmilian* v. *Mayor*, 62 N. Y. 166; and *Haight* v. *Mayor*, 24 Fed. Rep. 93. Decree for the libelants, with costs.