## GUTHRIE v. CITY OF PHILADELPHIA.

(District Court, E. D. Pennsylvania.   April 21, 1896.)

1. COLLISION—STEAMER WITH MOORED VESSEL.
    The fact that a vessel propelled by steam runs into a schooner properly
    moored at a dock is sufficient proof of fault on her part.
2. SAME—DAMAGE BY CITY ICE BOAT.
    The city of Philadelphia is liable for damage caused by a collision of
    its ice boat with a vessel moored at a dock in the state of Delaware,
    while the ice boat is engaged in private service for the owners of such
    dock.

This was a libel by the master of the schooner Robert A. Snyder
against the city of Philadelphia to recover damages caused to the
schooner by a collision of the city ice boat with her.

Curtis Tilton, for libelant.

Leonard Finletten and John L. Kinsey, for respondent.

BUTLER, District Judge.   On February 10, 1895, the schooner
was moored in the Marcus Hook Oil Dock in the state of Delaware.
At the instance of the owners of the dock the city ice boat under-
took to break the ice within the dock, and in doing it ran into her,
without excuse, and inflicted injury.   Soon after the boat towed the
schooner out and down the bay, charging $107 for the service.   For
breaking the ice inside the dock the boat made no charge, but was
entitled to compensation under the statute and the city ordinance
relating to the subject.   The libelant's charge of fault is sufficient-
ly established by the fact that the ice boat, propelled by steam,
ran into the schooner while moored.   The Granite State, 3 Wall.
310; The F. C. Latrobe, 28 Fed. 377; Engle v. Mayor, 40 Fed. 51, note.

The only defense urged is, in substance, that the city was engaged
through its agents, in discharging a public municipal duty, and
consequently that it is not responsible for the negligence which
caused the injury.   The answer to this, in my judgment, is twofold,
first that the city owed no municipal duty in Delaware, and second
that it was engaged in a private service for the benefit of the own-
ers of the dock, for which it was entitled to compensation.   It is
unimportant that it performed the service gratuitously.   Besides
the service was a necessary incident to that rendered the schooner
for which the city charged compensation.   The subject does not
call for discussion; it is sufficient to cite the following authorities:
Western Saving-Fund Soc. v. City of Philadelphia, 31 Pa. St. 175;
City Council v. Hudson (Ga.) 15 S. E. 678; The F. C. Latrobe, 28
Fed. 378; The Giovanni, 59 Fed. 304, and 10 C. C. A. 552, 62 Fed.
619; Sherlock v. Alling, 93 U. S. 108.

The boat was liable to seizure on the lien arising from her fault,
and the owner's liability in admiralty is a necessary consequence.