### WILSON v. BLELOCH et al.

(Supreme Court, Appellate Division, Second Department.   March 11, 1908.)

1. TOWNS—OFFICERS—COMPENSATION—TOWN CLERK.

Town Law, Laws 1890, p. 1236, c. 569, § 178, as amended by Laws 1904, p. 836, c. 312, fixes the compensation of a town clerk at $2 a day for each day devoted to the service of the town. Section 160 (page 1233) makes the town clerk a member of the town board. Laws 1893, p. 685, c. 344, § 3, provides that the town clerk of a town having a population of 20,000 or more shall receive the same compensation for attending the meetings of town boards as each other member of such board, in addition to the compensation to which he is entitled for the performance of all other duties of his office. *Held.* that Laws 1893, p. 685, c. 344, § 3, does not make it the duty of the town clerk, of a town having a population of 20,000 or more, to meet with the other boards of the town than the town board, viz., the board of assessors, of auditors and of highway commissioners, but only provides an additional compensation for the existing duty to attend meetings of the town board, and hence does not entitle him to charge the town for each of such other meetings.

2. SAME—SUPERVISORS.

A supervisor can charge nothing except the per diem compensation fixed by Town Law, Laws 1890, p. 1236, c. 569, § 178, as amended by Laws 1904, p. 836, c. 312, for each day devoted to the service of the town, and is not entitled to an additional compensation, for the same days, for attending meetings of the boards of the town of which he is a member, or which he is required to attend as supervisor.

3. SAME—ASSESSORS.

Assessors can charge nothing except the per diem compensation which may be allowed them by Town Law, Laws 1890, p. 1236, c. 569, § 178, as amended by Laws 1904, p. 836, c. 312, for each day devoted to the service of the town, and are not entitled to an additional compensation, for the same days, for the making up of a list of jurors in conjunction with the supervisor and town clerk, as required by Code Civ. Proc. § 1035.

Woodward and Hooker, JJ., dissenting.

Taxpayer's action by Edward C. Wilson against William A. Bleloch and others, as the board of town auditors, etc., and others, under Laws

1892, p. 620, c. 301. Controversy submitted, and judgment for plaintiff.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Thomas A. E. Wilson, for plaintiff.
Nathan P. Bushnell, for defendants.

GAYNOR, J. 1. Section 178 of the Town Law (chapter 569, p. 1236, of the Laws of 1890, as amended by chapter 312, p. 836, of the Laws of 1904) fixes the compensation of town clerks, supervisors, assessors, justices of the peace, overseers of the poor and election officers at $2 a day "for each day actually and necessarily devoted by them to the service of the town and the duties of their respective offices, when no fee is allowed by law for the service"; except that assessors may be given a compensation of $3 a day by the town board, and that has been done in this case. By section 160 the town clerk is made a member of the town board. It is composed of the supervisor, town clerk and justices of the peace, and there is no other board of that official or statute name. Section 3 of chapter 344, p. 685, of the Laws of 1893, provides that the town clerk of a town of a population of 20,-000 or more (which is the case of this town) "shall be entitled to receive the same compensation for attending all meetings of town boards in his town as each other member of such board, in addition to all compensation, salary and fees to which he is now entitled by law for the performance of all other duties of said office." This does not create any new duties; it only provides an additional compensation for an existing duty, i. e., for attending meetings of the town board, of which he is a member. Theretofore such attendance was in the same class with all of his duties, and for which a compensation of $2 a day was allowed him; thereafter it was singled out by the said act and he was allowed to receive for it $3 in addition to his general compensation. Matter of Town of Hempstead, 36 App. Div. 321, 55 N. Y. Supp. 345. In the case before us the town clerk has construed the said act to make it his duty to meet with the other boards of the town, viz., the board of assessors, the board of auditors and the board of highway commissioners, and to charge the town $3 for each of such meetings, and his bill to that effect has been audited and paid. This is error and the money must be refunded. It is true that the said act of 1893 says "town boards," but the plural was used negligently. There is only one town board in a town. The other boards are boards of the town, it is true, but he could not act with such boards without being a member of them, and the act does not make him such. Nor does it impose on him the duty of keeping their minutes. They do that themselves, and the act makes no change in that respect.

2. As we have already seen, the compensation of supervisors chargeable against the town is $2 for each day actually and necessarily spent in the service of the town, "in the duties of their respective offices." The supervisor has charged this compensation, and also, and for the same days, $2 a day for attending meetings of the boards of the town of which he is by law a member, or which he is required to attend as

supervisor. This is illegal. He can charge nothing in addition to the per diem compensation of $2 to which the law restricts him. There is no statute permitting him to charge an additional compensation for attending meetings of boards or officials, as is the case with town clerks, as we have seen. The additional .compensation of $2 a day audited and paid for attending such meetings must therefore be refunded.

3. The case of the assessors is the same; they are limited to a general compensation of $3 a day, and there is no statute giving them additional compensation. In this case they have charged $3 a day additional for the days spent in making up a list of trial jurors in conjunction with the supervisor and town clerk, as required by section 1035 of the Code of Civil Procedure, having also charged and been allowed and paid their regular compensation of $3 a day for the same days. This is illegal, and the amount so received must be refunded.

Judgment for the plaintiff, to be settled before GAYNOR, J.

JENKS and RICH, JJ., concur. WOODWARD, J., reads for defendants, with whom HOOKER, J., concurs. Form of judgment to be settled before GAYNOR, J.

WOODWARD, J. (dissenting). This is a taxpayer's action under the provisions of chapter 301, p. 620, of the Laws of 1892. It is not contended that there is any corruption or bad faith on the part of any one; merely that there have been certain charges made and audited which are not authorized by law. The plaintiff contends that there is no authority in law for the town clerk to meet with the board of town auditors, or the board of assessors, or the board of highway commissioners, and to charge a diem compensation for such services. Section 3 of chapter 344, p. 685, of the Laws of 1893, provides that:

"The town clerk of each town containing a population of twenty thousand or upwards except the counties of Kings and Richmond shall be entitled to receive the same compensation for attending all meetings of town boards in his town as each other member of such board in addition to all compensation, salary and fees to which he is now entitled by law for the performance of all the other duties of said office."

The town clerk is known as the keeper of the records of the township, and a statute making provision for additional compensation to the clerk of a township would seem to contemplate that he should act as the clerk of the various town boards making and keeping town records, as distinguished from the records of election boards and other bodies performing state or other municipal duties. The language is that "the town clerk * * * shall be entitled to receive the same compensation for attending all meetings of town boards," etc., and the fair and reasonable construction of this language is that he is to attend all meetings of such boards and to keep and preserve the town records thus made, and for this he is entitled to the compensation which is provided for the members of such boards. But it is suggested that the statute does not create boards of assessors or boards of highway commissioners by name, that there is only the town board of which the town clerk is a member, and that the statute applies only to meetings of this town board. This. seems to me to be a very narrow construction of this statute—one not warranted by its language or spirit. The act applies

only to townships containing more than 20,000 population (it being conceded that the town of Cortlandt is such a township) where the importance of public records would be considerable, and the reference to town boards, while not conclusive that there is more than one board, is to be considered in giving construction to the act. Even the plaintiff, in his brief, refers to the "meetings of the board of town auditors, or the board of assessors, or the board of highway commissioners," thus indicating how common is the use of such a designation for bodies of officers charged by law with the performance of public duties. Sections 18, 19, and 20 of the statutory construction law (Laws 1892, pp. 1488, 1489, c. 677) in effect recognize the same thing, and the books are full of cases in which the assessors, the highway commissioners, and like bodies are referred to as boards, and statutes are read in the light of the common acceptation of the use of words. In Broadwell v. People, 76 Ill. 554, a provision of the Constitution of that state that the county board should fix the compensation of all county officers was construed to give power to a county court, in a sparsely populated and partially organized county, the right to fix such compensation, though there was also a board of supervisors and a board of county commissioners who were concededly within the language of the provision. "Board" is defined by the American and English Encyclopædia of Law to be a "number of persons organized to perform a trust or execute official or representative functions; * * * a number of persons who have the management of some public or private business." Volume 4, 593. It seems to me entirely clear that the statute above cited was designed to authorize the presence of the town clerk at all meetings of the various bodies or boards, charged with the discharge of functions relating to the township affairs and requiring the making of township records, and to compensate him at the same rates which were paid to members of the board.

The second point urged by the plaintiff is that the assessors are not entitled to a per diem compensation for meeting with the supervisors and town clerk on the same day that they receive compensation from the town for necessary work as assessors. Section 178 of the town law, as amended by chapter 312 of the Laws of 1904, provides that assessors shall be entitled to $2 per day, unless a greater sum is fixed by the town board, and it is conceded that the town board in Cortlandt has advanced the per diem to $3. Where the assessors, under the law, are required to meet with other officials on a given day, and they do meet and discharge the duties of that day as the law contemplates, I am of opinion that they are entitled to the compensation lawfully fixed for their services as assessors, and this, notwithstanding the fact that they may have discharged the ordinary duties of assessors on the same calendar day. This was clearly the doctrine laid down in Matter of Town of Hempstead, 36 App. Div. 321, 330, 55 N. Y. Supp. 345, and that case disposes in principle of the most of the questions here involved.

What has already been said in reference to the assessors is applicable to the case of the supervisor. The law does not take cognizance of fractions of days. Where a public official discharges the duties of one office on a particular day, he is entitled to the compensation for that serv-

ice. If, perchance, he has been chosen to fill a second office, or if he have duties to perform by reason of his office as a member of a separate board, I see no reason why he should not be compensated for such services, though they are performed on the same day that another duty was discharged.

The defendants should have judgment, but, under their stipulation, without costs.