**McCOMB et al. v. UNITED STATES HOUSING CORPORATION et al.**

(District Court, D. Delaware. March 1, 1920.)

No. 375.

1. **Courts ⬤343—Want of parties cannot be raised on motion to quash made by parties appearing specially.**

   Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), abolishing demurrers and pleas and requiring defenses in point of law arising on the face of the bill to be made by motion to dismiss or in the answer, the contention that the United States is a necessary party cannot be raised by

parties appearing specially on a motion to quash an order requiring nonresident defendants to appear.

**2. Appearance ⊚⟞13—Only jurisdiction over the person and not over the cause may be raised by special appearances.**

The object of a special appearance is to enable a defendant to raise the question of jurisdiction of the court over the person of the defendant, and an objection to the jurisdiction of the cause may not be raised on a special appearance.

**3. Abatement and revival ⊚⟞3—Contention that suit is against the government cannot be raised under special appearance.**

The contention that the suit is in fact, though not nominally, against the United States, is an objection to the court's jurisdiction of the cause, and cannot be raised by a special appearance.

**4. United States ⊚⟞125—Suit against officers for exceeding authority not suit against government.**

When officers of the government act under invalid authority, or exceed or abuse their lawful authority, and thereby invade private rights secured by the Constitution, an action to redress injuries caused by the unauthorized act is not a suit against the government.

In Equity. Suit by James C. McComb and another, trustees, etc., under the will of Henry S. McComb, and Martha McComb Bush, beneficiary thereunder, against the United States Housing Corporation and another. On motion to quash the order requiring defendants to appear. Motions denied.

William S. Hilles, of Wilmington, Del., for plaintiffs.

Charles F. Curley, U. S. Dist. Atty., of Wilmington, Del., and Henry H. Glassie and Thomas W. O'Brien, both of Washington, D. C., for defendants.

MORRIS, District Judge. The complainants, James C. McComb and another, trustees, and Martha McComb Bush, beneficiary under the trust, by their bill of complaint allege that the defendants, United States Housing Corporation, a corporation of the state of New York, and John J. Goldy, are, without justification or right, exercising or attempting to exercise dominion over certain real estate of the complainants located in this district, and that such acts amount to a cloud upon the title of the complainants to that real estate. Further allegations are in substance that the complainants and the United States Housing Corporation entered into a contract in August, 1918, for the sale of certain of their lands to that corporation, wherein it was provided that the consideration money should be paid and deed delivered upon a short day therein fixed; that the defendant corporation entered into possession of said lands, but did not pay the consideration money or perform any other of the terms or conditions provided by said contract to be by it done or performed; that construction work was begun upon said lands and continued until the signing of the Armistice; that the lands covered by the contract consisted of about 18½ acres of a larger tract of land; that while the construction work was in progress the defendant corporation requested the complainants to sell and convey to it the remainder of the tract, which request was refused; that after the Armistice nothing was done until about the

⊚⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

latter part of August, 1919, when the complainants were informed that the defendant corporation "had attempted to requisition the entire tract of land aforesaid," and for this purpose had appointed John J. Goldy, the remaining defendant, as the requisition officer, and had authorized him to enter upon and take actual possession of the lands in question; that notice of such attempted requisition was posted on the lands in question; and that immediately after such attempted requisition the United States Housing Corporation advertised for sealed bids for the purchase of all said lands.

It is further alleged that the defendants pretend and claim that their doings are authorized and justified by an act of Congress of May 16, 1918, entitled "An act to authorize the President to provide housing for war needs" (40 Stat. 550), as amended by an act of Congress of June 4, 1918 (40 Stat. 595 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅝a–3115⅝i]); but complainants aver that the act of Congress aforesaid is unconstitutional, that the attempted requisition was not for the use authorized by the act, and that such attempted requisition was not made as provided by the aforesaid act in that no compensation has been paid or tendered to the plaintiffs for said lands. The bill prays, among other things, for a decree adjudging the act of Congress aforesaid to be unconstitutional, and the attempted requisition to be wholly void, removing the cloud cast upon the title of the complainants by reason of the acts aforesaid, and granting injunctive relief.

Neither of the defendants was an inhabitant of or found within this district, nor did they or either of them voluntarily appear. Acting under section 57 of the Judicial Code (Comp. St. § 1039), the court made an order directing the defendants to appear by a day certain designated in the order. This order was served outside the district upon each defendant. Thereupon each of the defendants, having by leave of the court entered a special appearance, moved the court to quash the aforesaid order for reasons which are in substance that (1) the United States may not be lawfully sued without its consent; (2) that such consent has not been given; (3) that the United States is an indispensable party; and (4) that the suit, though nominally against the defendants herein, is in law a suit against the United States, and consequently that the court is and has been without jurisdiction.

[1] The first contention is conceded to be the law; the second is not now denied; the third and fourth, together with the conclusion, are denied. The complainants also urge that the legal questions raised by the third and fourth contentions may not properly be presented by the defendants under a special appearance. Before the promulgation of the new equity rules, where the want of parties appeared on the face of the bill, the objection could be taken by demurrer; where it did not so appear, the objection had to be made by plea or answer. Carey et al. v. Brown, 92 U. S. 171, 23 L. Ed. 469. Equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) provides:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer."

It follows that the contention of the plaintiffs as to the third proposition of the defendants must be sustained.

[2-4] May the fourth proposition be presented under a special appearance? The object of a special appearance is to enable a defendant to raise the question of jurisdiction of the court over the person of the defendant, and it is elementary that an objection to jurisdiction of the cause may not be raised upon a special appearance. The fourth proposition is at best based upon alleged lack of jurisdiction of the cause, and not upon defective service or personal immunity from service. An inspection of Minnesota v. Hitchcock, 185 U. S. 373, 22 Sup. Ct. 650, 46 L. Ed. 954, and Oregon v. Hitchcock, 202 U. S. 60, 26 Sup. Ct. 568, 50 L. Ed. 935, and other cases where the same question has been raised, shows that it was not raised as an objection to jurisdiction over the person, but as an objection to jurisdiction over the cause. The case of United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, after a most profound and exhaustive consideration of the question and for basic reasons, decides that in some instances at least suits may be maintained against individuals, without the consent of the United States, although "the judgment must depend on the right of the United States to property held by such persons as officers or agents of the government." It will be noted that in the case just mentioned the question was raised by the government itself, and not by the individual defendants, as was done in the present case. It is likewise a general rule that when officers of the government act under invalid authority, or exceed or abuse their lawful authority, and thereby invade private rights secured by the Constitution, an action to redress injuries caused by the unauthorized act is not a suit against the state. Louisville & N. R. Co. v. Burr, 63 Fla. 491, 58 South. 543, 44 L. R. A. (N. S.) 189. Whether the defendants in attempting to take the property of the complainants were acting without valid authority must depend upon the constitutionality of the statute hereinbefore referred to, and whether the defendants exceeded their authority must depend, as I now see it, upon the acts of the defendants when viewed in the light of the statute, the orders of the President, and the charter of the defendant corporation. The charter is not now before me. Aside from mere procedure, a due regard for the powers of the government, coupled with proper care lest in the protection of such powers the liberties of the individual, intended to be preserved by the Bill of Rights, be encroached upon or destroyed to the jeopardy, not of individuals alone, but of the government as well, would seem to require that the questions presented under the third and fourth propositions of the defendants be not decided upon a mere preliminary motion, but that consideration thereof be deferred until all material facts are before the court.

Further consideration of defendants' motions is obviated by the case of Illinois Central R. R. Co. v. Adams, 180 U. S. 28, 37–39, 21 Sup. Ct. 251, 45 L. Ed. 410, which seems to be controlling. The motions must be denied, and the defendants required to file their answer or other defense to the bill within 20 days from the date of the order.

Let an order in accordance herewith be prepared and submitted.