143 So. 581

**STATE DOCKS COMMISSION v. BARNES.**

1 Div. 723.

Supreme Court of Alabama.

Oct. 6, 1932.

Taylor & Taylor and Harry T. Smith & Caffey, all of Mobile, for appellee.

S. P. Gaillard and Stevens, McCorvey, McLeod, Goode & Turner, all of Mobile, and Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellant.

404

person occasioned by the negligent conduct of its servant, agent, or employee while acting in the line and scope of his employment?

Amendment No. 12 of the Constitution of Alabama authorizes the state "at a cost of not exceeding ten million dollars [to] engage in the work of internal improvement, or promoting [etc.], and operating all harbors and seaports within the state [etc.], provided, that such work or improvement shall always be and remain under the management and control of the state, through its State Harbor Commission, or other governing agency." The Legislature of 1923 undertook to carry into effect the authority thereby conferred. It authorized the state, through the agency of the State Docks Commission, tó engage in the construction, maintenance, operation, etc., of harbors and seaports in the state; and that all such facilities shall always be and remain under the management and control of the state, through such governing agency as then or thereafter created by law. It then created as such agency the State Docks Commission, composed of three members appointed by the Governor. It is repeatedly emphasized that such commission is the agency of the state through which the state will construct and operate the harbor. Acts 1923, p. 330, section 2526 et seq., Code.

The Legislature of 1927 (Acts p. 2 et seq.) made provision for a continuance of such commission as thus constituted (sections 2 and 3), and made it subject to examination by the state examiner of accounts and a board of censors appointed by the Governor (section 4), and for the numerous duties and powers of the commission as detailed. It also provided, that in engaging in such internal improvement, the state, acting through said commission, shall have power to acquire, own, etc., docks, compresses, warehouses, etc., subject to the approval of the Governor (section 7). It authorized the state, through said commission, to own and operate boats and tugs, railroad terminals, with sidings, switches, etc. (section 7). That the title to all property so acquired shall vest in the state; that its lessees shall be free of taxes (section 7), with the power of eminent domain (sections 7 and 8). All suits and other legal proceedings to enforce the rights of the state growing out of any of its transactions or operations authorized by this article shall be for and in *the name of the state*, conducted by the commission with the approval of the Governor (section 7). The operations shall be conducted in the name of the State Docks Commission, and it may contract current indebtedness necessarily incident to the prosecution of the work (section 9), and pay the expenses of carrying out the purposes designated (section 11). State bonds are provided for such purposes, and it may borrow money necessary for its operation, subject to fixed limitations. The commission fixes rates of

FOSTER, J.

The concrete question to be here considered has been narrowed to a single inquiry: Can the "board or body known as the State Docks Commission" be held liable in an action at law for damages for the death of a

charges for its services and for the use of its facilities to pay operating expenses and interest on the bonds and create a sinking fund (Code, § 2558). No officer whose salary exceeds $1,500 shall be appointed, nor expenditure made nor obligation incurred exceeding $5,000, without the approval of the Governor (Code, § 2561).

It may be conceded that the state in engaging in such enterprise is performing a business or corporate power and not a governmental function. In re Opinions of the Justices, 209 Ala. 593, 96 So. 487; Town of Athens v. Miller, 190 Ala. 82, 91, 66 So. 702; Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A. L. R. 89; Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14; Rippe v. Becker, 56 Minn. 100, 57 N. W. 331, 334, 22 L. R. A. 857; State ex rel. Jones v. Froehlich, 115 Wis. 32, 91 N. W. 115, 116, 117, 58 L. R. A. 757, 95 Am. St. Rep. 894; State ex rel. Owen v. Donald, 160 Wis. 21, 151 N. W. 331, 350; In re Internal Imp. Fund, 24 Colo. 247, 48 P. 807; Lipinski v. Gould, 173 Minn. 559, 218 N. W. 123, 730; Philadelphia R. R. v. Mayor, etc., of New York (D. C.) 38 F. 159; City of Philadelphia v. Gavagnin (C. C. A. ) 62 F. 617; Guthrie v. Philadelphia (D. C.) 73 F. 688.

But section 14 of the Bill of Rights of the Alabama Constitution provides that the state shall never be made a defendant in any court of law or equity. The state cannot consent to such a suit. This means not only that the state itself may not be sued, but that this cannot be indirectly accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to affect the financial status of the state treasury. Ex parte State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057; Pennoyer v. McConnaughy, 140 U. S. 1, 10, 11 S. Ct. 699, 35 L. Ed. 363; Comer v. Bankhead, 70 Ala. 493; White v. Ala. Insane Hospital, 138 Ala. 480, 35 So. 454; Ala. Girl's Ind. School v. Reynolds, 143 Ala. 579, 42 So. 114.

We do not think that the case of Finnell v. Pitts, 222 Ala. 290, 132 So. 2, is authority sustaining appellee in any respect. There, state officers had exceeded their legal authority and had taken property without due process, and applied it to state uses. The state was of course not liable nor suable, though the officers were the state highway commissioners acting for it in constructing a state road. The individuals were held to be personally liable for the tort which they committed, and could not justify their conduct, because it was not authorized by law. That was a suit against the individual tort-feasors, and the question was that of justification, and whether it was indirectly against the state. It was not a suit against the state highway commission as such, on the doctrine of respondeat superior. McCrary Co. v. Phillips, 222 Ala. 117, 130 So. 805; McComb v. U. S. Housing Corp. (D. C.) 264 F. 589; 25 R. C. L. 43, p. 408; McCallum, State Board of Harbor Comm. v. U. S. (C. C. A.) 298 F. 373; Sloan Shipyards Corp. v. U. S. Shipping Board, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762.

We have repeatedly held that certain agencies of the state are its arms—parts of its body—and cannot be sued. They, however, refer to agencies which were constituted to perform its governmental functions and not its corporate powers in business enterprises. Ala. Industrial School v. Addler, 144 Ala. 555, 42 So. 116, 113 Am. St. Rep. 58; Ala. Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; White v. Ala. Insane Hospital, 138 Ala. 479, 35 So. 454; Cox v. Board of Trustees of University of Ala., 161 Ala. 639, 49 So. 814; Hughes v. Hartford Acc. & Ind. Co., 223 Ala. 59, 134 So. 461.

But that does not argue that when the state is engaged in business enterprises, it may be sued notwithstanding section 14 of the Constitution. There is no exception in that section. It necessarily prohibits the maintenance of a suit, if it is directly or indirectly a suit against the state.

The distinction is easily made between the Docks Commission and certain government and state corporations set up to engage in business enterprises to promote the public good. Those institutions are usually created in form as private corporations with capital stock issued to and owned by the government for the consideration of a stipulated sum of cash paid by the government into the treasury of such corporation to be used as such by it in the same respect as the capital of other corporations is so used. The law expressly authorizes suits against them in some instances, though this is not necessary. But being set up as a private corporation with capital stock, in all respects as any other private corporation in which private persons could be stockholders, the circumstance that it is to promote the public welfare and that the government owns the capital stock were held not to make it immune from liability to suit. Panama R. Co. v. Curran (C. C. A.) 256 F. 768; Salas v. U. S. (C. C. A.) 234 F. 842; Panama R. Co. v. Bosse, 249 U. S. 41, 39 S. Ct. 211, 63 L. Ed. 466; U. S. v. Strang, 254 U. S. 491, 493, 41 S. Ct. 165, 65 L. Ed. 368; Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corp., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; Rosenberg Bros. & Co. v. U. S. Shipping Board Em. Fleet Corp. (D. C.) 295 F. 372; U. S. Shipping Board Emergency Fleet Corp. v. Tabas (C. C. A.) 22 F.(2d) 398; Chase Nat. Bank v. U. S. Shipping Board (C. C. A.) 294 F. 641; U. S. ex rel. Skinner & Eddy Corp. v. McCarl, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131; U. S. Shipping Board Em. Fleet Corp. v. South Atlantic Dry Docks Co. (C. C. A.) 300 F. 56; U. S. Grain Corp. v. Phillips, 261 U. S. 106, 43 S. Ct. 283, 67 L. Ed. 552; Fed. Sugar Re-

fining Co. v. U. S. Sugar Equalization Board (D. C.) 268 F. 575; 36 Cyc. 919.

State banks were also set up as separate corporate entities managed and operated in all respects as other banks by their own officers, though the stock was owned by the state. Darrington v. Bank of Alabama, 13 How. 12, 14 L. Ed. 30; Bank of U. S. v. Planters' Bank of Georgia, 9 Wheat. 904, 6 L. Ed. 244; Bank of State of Alabama v. Gibson's Adm'rs, 6 Ala. 814.

The Missouri highway commission is declared to be created as an artificial legal entity—a quasi corporation, empowered as such to sue and be sued. State ex rel. State Highway Comm. v. Day, 327 Mo. 122, 35 S.W.(2d) 37; Christeson v. State Highway Comm. (Mo. Sup.) 40 S.W.(2d) 615. The port of Seattle is likewise declared to be a municipal corporation, and to have an independent existence. Port of Seattle v. Oregon & W. R. Co., 255 U. S. 56, 41 S. Ct. 237, 65 L. Ed. 500.

Counties are not suable for torts committed in the performance of governmental functions; though, as independent entities, they are subject to suit for torts committed in their corporate enterprises. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; 15 Corpus Juris 596; Barbour County v. Horn, 48 Ala. 649; Autauga County v. Davis, 32 Ala. 703.

Cities and school boards are subject to the same comment. Kimmons v. Jefferson County Board, 204 Ala. 384, 85 So. 774; Board of Education of Escambia County v. Watts, 19 Ala. App. 7, 95 So. 498; Ex parte Watts, 209 Ala. 115, 95 So. 502; Hughes v. Hartford Acc. & Ind. Co., supra; Bieker v. City of Cullman, 178 Ala. 662, 59 So. 625; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

We are not here called upon to pass upon the status of a corporation so set up to own and operate public harbors or docks in Alabama. There is no such corporation in name or fact. The state, in its own name and right, owns all the works and facilities (not merely corporate stock), and the commission operates them as agent for the state. The commission is in no sense an independent, separate entity, but is a part of the executive or administrative department of the state. Consolidated Ind. & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566; Benson Paint & Varnish Co. v. American Surety Co., ante, p. 353, 142 So. 767.

It is not in substance or form a corporation. The substance is that usually set up as a bureau or board, and carries the idea of "a 'number of persons organized to perform a trust or execute official or representative functions; * * * a number of persons who have the management of some private or public business.'" Wilson v. Bleloch, 125 App. Div. 191, 109 N. Y. S. 340, 343. As such it acts in a representative capacity. But we do not think that it follows that the board or

commission as such is suable, though the individuals composing it are liable for their personal misconduct resulting in damage to others, as in the case of Finnell v. Pitts, supra.

The question here is not the liability of the individuals for their tortuous conduct (they are not sued), but it is against the State Docks Commission as some sort of an entity subject to suit, whose funds which belong to the state would be subjected to liability for the judgment. Other agencies of the state may contract in their own name, but such contracts inure to the benefit of the state, and all actions respecting them are in the name of the state. Consolidated Indemnity & Ins. Co. v. Texas Co., supra. So that the power to contract in its own name, as with the state board of administration, highway commission, etc., do not justify the contention of appellee that an action as for debt on their contract may be maintained, leading to a personal judgment. State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757.

To the extent that they are authorized to contract for supplies and required to pay for current operations, mandamus will lie to compel payment out of funds under their control designated by law to be used by them for that purpose. State Board of Administration v. Roquemore, supra; Spraggins v. State ex rel., 183 Ala. 663, 63 So. 83. But neither those boards, nor any other purely dependent state agency, has been held liable to suit in common-law form to secure a personal judgment against them. Such was not the nature of the reported cases in which Alabama public service commission was a party. Alabama Public Service Comm. v. Louisville & N. R. Co., 206 Ala. 326, 89 So. 524; Alabama Great Southern R. Co. v. Alabama Public Service Comm., 210 Ala. 151, 97 So. 226; Mississippi R. Comm. v. Illinois Cent. R. Co., 203 U. S. 335, 27 S. Ct. 90, 51 L. Ed. 209; Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Reagan v. Farmers' L. & T. Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014.

The whole structure of the powers conferred must be examined to determine the qualities of the commission, not the one circumstance that the functions are corporate and not governmental.

A remedy is pointed out in the Roquemore Case, supra, when the commission in fact is due to pay a claim for current expense which it was authorized to contract and has funds designated for the purpose, though the claim is denied by the commission.

The question is whether it is an independent corporation exercising corporate powers. We observe that no powers are conferred on it except representative. The commission only transacts the business as agent for the state which itself is in that manner operating.

The state can only do so by some representative. The representative is created not to own, hold, maintain, and dispose of the property, such as counties, cities, and state banks, fleet corporations, state railroads, but to act as agent for the state in so doing. The nature of commissions and boards, thus acting and constituted, is therefore not analogous to counties, cities, and school boards, though they all in some respects and for some purposes are state agencies. Some have no other qualities than agencies for the state, others also have the qualities of a corporation with independent corporate powers and functions. Each must be classified according to its purpose and the terms of its creation.

We cannot agree with the United States District Court in holding that the Docks Commission is an independent entity, separate from the state and having corporate powers and duties, and therefore a quasi corporation, and as such subject to suits in personam for the negligence of its employee, so called, on the doctrine of respondeat superior, nor for other liabilities which it may incur. Standard Oil Co. of New Jersey v. U. S. (D. C.) 25 F.(2d) 480.

If the claim of appellee is an operating expense, the law makes it the duty of the commission to use its operating fund in the payment of that as well as other operating expenses, so long as it has in hand any portion of such operating fund, not otherwise appropriated, nor subject to prior claims. Such fund is administered by the commission as a trust fund, not as money which is owned by the commission as an individual or corporation owns its property and effects, but it is an agent for the management of the facilities in which it accumulates funds to be disposed of as directed by law. We agree with the contention that due payment of such funds may be forced by legal procedure to be applied to the purposes for which they are accumulated and as required by law. But the commission as such is not a debtor which owes such current indebtedness. It is a state transaction, and the commission has in its possession as agent or trustee a fund which the law directs to be applied to the payment of such debts.

Conceding that plaintiff's claim is an operating expense within the meaning of the act of 1927, section 11, there is a positive duty to pay it, if there are sufficient operating funds; but the remedy is by mandamus, as in the Roquemore Case, supra, and not by an action as for a judgment in personam against the Docks Commission.

We are invited to enter into the inquiry of whether the claim is such an operating expense. Both parties have discussed the question. It would be material if a mandamus proceeding should be instituted showing sufficient operating funds in the control of the commission not otherwise appropriated to operating expense, or subject to prior preferred claims. We do not think the question is controlled by the fact that the state has never been liable for the torts of its agents or officers (State v. Hill, 54 Ala. 67), nor by the fact that neither the state nor the Docks Commission may be sued and a personal judgment rendered against either for the current expenses or indebtedness incurred in its operation, but it is dependent upon the inherent nature of the claim. It arose under the homicide statute, which was intended to suppress and punish negligent, wanton, or intentional acts causing the death of others. The damages are punitive only. We do not think it was the purpose of the Legislature to require the commission to use its operating funds to satisfy punitive claims for damage caused by its operatives. Code, § 5696; Pizitz Dry Goods Co. v. Yeldell, 213 Ala. 222, 104 So. 526; Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225.

Briefs of counsel are directed to the inquiries we have discussed and invite no other questions.

We do not agree with the views given effect by the judgment of the circuit court, and it is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.