199 So. 815

**CITY OF BESSEMER et al. v. PERSONNEL BOARD FOR JEFFERSON COUNTY et al.**

6 Div. 687.

Supreme Court of Alabama.

Jan. 16, 1941.

H. H. Sullinger and G. H. Bumgardner, both of Bessemer, for appellants.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

FOSTER, Justice.

Appellants make the insistence that employees engaged in supplying electricity to the public on behalf of the city of Bessemer, acting through a public utility board which the city created for that purpose, are not employees of the city whose compensation is paid in whole or in part from the public funds of the city within the meaning of the Civil Service Act of Alabama applicable to Jefferson County, including classes of cities of which Bessemer is one. General Acts 1935, page 691, approved August 28, 1935; General Acts 1939, page 542, approved September 15, 1939. See, also, General Acts 1939, page 675, approved September 22, 1939.

The system was acquired by the city with the aid of the federal government, whose revenues from its operation were pledged to secure a loan, and it is operated through the board created as just stated under the Act of September 22, 1939, supra. The city made a contract with the Tennessee Valley Authority for its electricity requirements, specifying operating conditions and the method of disposing of its receipts. They shall be applied to current operating expenses, the principal and interest of the loan evidenced by a certain type of bond, set up reserves, pay the city general fund an amount equal to a return on the city's investment ·(if any), and pay an amount equal to the taxes on property of such value, and reduce the rates to customers.

In other words, it is claimed that since the set up cannot result in profit available to the city treasury in the operation of a business enterprise, the funds derived from the enterprise are not public funds, and the employees· so engaged are not therefore paid out of public funds.

We agree with the trial judge that the position is not well taken. In performing this function to be sure the city is thereby engaged in a business enterprise, not a governmental function. Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551; Alabama Power Co. v. Cullman County Elec. M. Corp., 234 Ala. 396, 174 So. 866. But in doing so, it is certainly engaged in a public enterprise and for the benefit of the public. It is in duty bound to give equal service and at equal rates for each class of service to all members of the public to whom such service is available. Alabama Power Co. v. Cullman County Elec. M. Corp., supra.

The funds of such enterprise belong to the city, raised by the operation of a business belonging to the city, and for the use and benefit of the citizens thereof and all members of the public who qualify for its use, and operated for a public use, all within the definition of "public funds," relied on by appellant. 50 Corpus Juris 854.

A proprietary function or power of a city operated for the public is none the less a public function though for some purposes it may not be strictly a governmental function. Puget Sound Power & Light Co. v. City of Seattle, 291 U.S. 619, 54 S.Ct. 542, 78 L.Ed. 1025.

A city is a political subdivision of the state created as a convenient agency for the exercise of such governmental powers of the state as may be intrusted to it. City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471; Yeilding v. State ex rel., 232 Ala. 292, 167 So. 580, quoting from Dillon on Municipal Corporations to that effect; Puget Sound Power & Light Co. v. Seattle, supra.

In City of Trenton v. State of New Jersey, supra, it is said that the distinction between governmental and proprietary functions of a city was worked out by the courts to support liability for negligence, and in order that injustice may not result. But all its functions are public and are dependent upon authority conferred by the state.

This business is owned by the city, and is none the less a city operation because it is conducted through a board. State Docks Comm. v. Barnes, 225 Ala. 403, 143 So. 581: see Act of September 22, 1939, General Acts 1939, page 675. This act makes specific application of the Civil Service Act. All funds of the city derived from any sort of operation are necessarily public in their character. See Louisville Bridge Comm. v. Louisville Trust Co., 258 Ky. 846, 81 S.W. 2d 894.

Appellants make no claim that the employees here in question are not otherwise within the terms of the Civil Service Law applicable to Bessemer in Jefferson County, which was upheld in Yeilding v. State, supra.

We have treated the argument as made by appellants on the basis that the question is controlled by the circumstance that the employees in question were, or were not, paid out of public funds of the city. But we will observe that the entire act should be considered to ascertain its meaning, not just one extract from it. We do not wish to convey the idea that we are here not observing that method of interpreting it.

We think it is clear that the reason advanced by appellants in argument is not sufficient in our opinion to exempt the employees of its electric system from the operation of the Civil Service Act applicable to Jefferson County and the City of Bessemer, to which we have referred.

The decree of the circuit court, in equity, was to a like effect, and it is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.