Suits were filed in the Circuit Court of Mobile County on behalf of David Jones on July 13, 1982, and on behalf of Jethro Hatcher on November 5, 1982. Alabama State Docks Department[1] is named as a defendant in both suits, in which it is alleged that the Department negligently failed to provide appellants Jones and Hatcher with safe equipment to perform their work, that it negligently failed to inspect the grain elevators and equipment, that it failed to remedy unsafe conditions on its premises, and that it failed to warn appellants of unsafe and dangerous conditions on the premises. Both longshoremen sustained personal injuries in the course of loading ships berthed in the port of Mobile at the grain elevator of the State Docks.
The State Docks Department filed motions to dismiss in both cases, asserting that it was immune from suit under Article I, Section 14, of the Constitution of Alabama, 1901. The trial court granted the motion to dismiss in the Jones case, and entered a final judgment pursuant to Rule 54 (b), A.R.Civ.P. Thereafter, following an initial denial, the trial court granted the motion to dismiss in the Hatcher case, and entered a final judgment.
Appellants filed timely notices of appeal, and also a motion to consolidate these cases on appeal. The motion was granted by this court.
The sole issue before this court is whether the trial court properly ruled that the State Docks Department is immune from suit for damages for personal injuries alleged to have resulted from the negligence of the department. We think that the department is immune from suit for such damages, and we affirm the judgment of the trial court.
Article I, Section 14, of the Constitution of Alabama, 1901, states:
 That the State of Alabama shall never be made a defendant in any court of law or equity.
The immunity conferred by this section extends to the State Docks Department, even though "[i]t may be conceded that the state in engaging in such enterprise is performing a business or corporate power and not a governmental function." State Docks Commission v.Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932), cited inHutchinson *Page 904 v. Board of Trustees of University of Alabama, 288 Ala. 20, 24,256 So.2d 281, 284 (1972).
In the Barnes case, this court, having considered "the whole structure of the powers" of the State Docks Department, concluded that "no powers are conferred on [the department] except representative. The [department] only transacts the business as agent for the state, which itself is in that manner operating."[2]225 Ala. at 406, 143 So. at 584. Appellants have not persuaded us that we may conclude differently. Consequently, a suit against the State Docks Department must be considered a suit against the state, which is prohibited by Art. I, § 14, Constitution of Alabama, 1901, unless it is of a kind recognized not to be within that prohibition.[3] See Taylor v. Troy State University,437 So.2d 472 (Ala. 1983).
Appellants' argument that a decision to except the State Docks Department from the cloak of state immunity is supported by the fact that the department is authorized to provide insurance "for the payment of damages on account of the injury to or death of persons," Code 1975, § 33-1-25, is not persuasive. As the United States Court of Appeals for the Fifth Circuit has observed, "The entire statute is couched in permissive tones," and "clearly contemplates limited insurance coverage." Centraal StikstofVerkoopkanter, N.V. v. Walsh Stevedoring Co., 380 F.2d 523, 533
(5th Cir. 1967). The statute is not directory; it does not require the department to obtain coverage for all risks enumerated in it. Id. Moreover, the statute expressly provides that it should not be interpreted as sanctioning suit against the department:
 Nothing herein shall be construed to authorize or permit the institution of any civil action or proceeding in any court against the department for or on account of any matters referred to in this section. . . .
Code 1975, § 33-1-25. We think the inclusion of this language clearly necessitates our rejection of appellants' strained interpretation of the statute.
We now address appellants' argument that a narrow construction of Section 14, permitting actions for damages against the State Docks Department, is justified because of an apparent conflict with Article I, Section 13, of the Constitution of Alabama, 1901.[4] We disagree with this contention. Section 13 "secures every citizen against arbitrary action of those in authority and places him (or her) within the protection of the law of the land . . . [citation *Page 905 
omitted]." McCollum v. Birmingham Post Co., 259 Ala. 88, 95,65 So.2d 689, 695 (1953) (emphasis added). To an extent that is appropriate, this court has interpreted § 14 not inconsistently with such purpose. See Gunter v. Beasley, 414 So.2d 41 (Ala. 1982); Ex parte Carter, 395 So.2d 65 (Ala. 1980); Aland v.Graham, 287 Ala. 226, 250 So.2d 677 (1971). Nevertheless, we think appellants' position constitutes an impermissible erosion of the "almost invincible" "wall" of the state's immunity, as established "by the people through their Constitution."Hutchinson v. Board of Trustees of University of Alabama,288 Ala. at 24, 256 So.2d at 284.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Formerly the Alabama State Docks Commission.
[2] Significantly, the United States Court of Appeals for the Fifth Circuit has reached the same conclusion concerning the relationship of the state and the State Docks Department:
 The question of whether or not Docks is a distinct separate legal entity from the state must be determined by state law. . . . [Citations omitted.] The Alabama Supreme Court in State Docks Commission v. Barnes, 1932, 225 Ala. 403, 143 So. 581, determined that the Docks Commission was not a separate entity from the state. A careful study of the enabling legislation creating the Alabama State Docks Department . . . reveals the basis for the Alabama court's holding. The statute allows the Docks department to develop harbor facilities in the name of the State, title to all property vests in the State of Alabama; suit is to be brought in the name of the state. [Citation omitted.] This incomplete but adequately illustrative summary of the statutory language makes it clear that the Docks is a mere alter ego of the state.
Centraal Stikstof Verkoopkantoor, N.V. v. Alabama State DocksDept., 415 F.2d 452, 457 (5th Cir. 1969). (Emphasis in last sentence added; other emphasis in original.)
[3] Appellants do not argue that their actions against the State Docks Department fall within any recognized exception to the State's immunity. Rather, they urge this court to overrule StateDocks Commission v. Barnes, and to create a new exception based on the State's involvement in a business or corporate endeavor. We reject this one factor analysis now, just as this court did inState Docks Commission v. Barnes, 225 Ala. at 406,143 So. at 584, and in Hutchinson v. Board of Trustees of University ofAlabama, 288 Ala. at 24, 256 So.2d at 284.
[4] Section 13 states:
 That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.