THIGPEN, Judge.
This is an appeal from the entry of a summary judgment granted in favor of the Alabama State Docks Department, et al. (ASD/appellees).
In the original complaint and subsequent amendments, the appellants (employees and former employees of ASD) set out nine counts alleging that they were denied pension and health insurance benefits by ASD and certain individually named ASD officials. ASD filed a motion for summary judgment. After a hearing, the trial court granted the summary judgment and this appeal followed.
The appellants raise several issues. However, the dispositive issue concerns whether the trial court erred in granting summary judgment in favor of the remaining defendants (ASD and certain individually named ASD officials).
The appellants contend that the trial court erred in granting the summary judgment on the premise that this action falls within one of the recognized exceptions to the doctrine of sovereign immunity. Appellants further contend that certain individually named ASD officials have a legal duty created by a trust agreement which they failed to perform. They requested that these officials be compelled to perform certain duties and ministerial acts with regard to the appellants’ retirement benefits. The appellants also requested that the court interpret § 36-27-1(2), Ala.Code 1975, which defines “employee.”
*596 The law regarding summary judgment is well established and set out clearly in Rule 56, Alabama Rules of Civil Procedure. Summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.C.P.; See, Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App. 1990). The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.C.P. The movant is required to make a prima facie showing that he is entitled to a judgment as a matter of law. When a motion for summary judgment is made and supported as provided in the rule, a party opposing such a motion may not rest upon the mere allegations or denial of the pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.C.P.
This action was filed after the legislature abolished the scintilla rule, and proof by substantial evidence is now the test when passing on a motion for summary judgment. Section 12-21-12, Ala.Code 1975; See, Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Additionally, the reviewing appellate court must apply the same standard utilized by the trial court when reviewing an entry of summary judgment. Melton, supra. We must also review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
Our careful review of the record reveals that the appellees’ motion for summary judgment was submitted with supporting affidavits of certain ASD officials and supporting briefs. It was (and is) the appel-lees’ position that the appellants’ claims should be dismissed under the doctrine of sovereign immunity. ASD submits that the allegations in the complaint only involve duties encompassed in the official capacities of the individually named ASD officials. Further, the appellees contend that the direct and indirect relief sought by the appellants is in the form of monetary relief from the State, which is prohibited under the doctrine of sovereign immunity. This doctrine protects the State, its officers and agents from claims which affect the State’s contract or property rights, or the financial status of the State treasury. Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 256 So.2d 281 (1971); Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234 (1963). In addition to the sovereign immunity argument, the appellees argued in a letter brief supporting their motion for summary judgment that the appellants were not entitled to the rights in the trust because they had not met the eligibility requirements. Further, they argued that the appellants’ claims for health insurance benefits should be dismissed because they failed to pursue available administrative remedies.
The appellants’ opposition to the motion included a letter brief and an affidavit of Kenneth Ronald Hirsch, which reaffirmed and verified the allegations in the complaint as his sworn testimony. They argued that the action they brought fell within the exceptions to the doctrine of sovereign immunity because they were seeking to have the court construe the law and compel the ASD officials to perform ministerial acts. Additionally, the appellants argued that they were not required to exhaust administrative remedies because it would be futile and not time efficient to pursue such remedies, and unnecessary since the issue to be decided was solely a matter of law.
It is well established that the ASD is clothed with sovereign immunity. Art. 1, § 14, Const, of Ala.1901; See, Bow-den v. Southern Risk Services, Inc., 574 So.2d 813 (Ala.Civ.App.1990), writ quashed, Ex parte Bowden, 574 So.2d 815 (Ala.1991) (Jones, J., dissenting); Jones v. Alabama State Docks, 443 So.2d 902 (Ala.1983); and State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932). Further, the State may not be sued indirectly by suing its officers or agents. Hutchinson, supra.
*597 Our review of the record shows that ASD made a prima facie showing that there was no genuine issue as to any material fact, and that they were entitled to a judgment as a matter of law. The appellants failed to set forth any fact's showing that there was a genuine issue for trial.
Accordingly, summary judgment for the appellees was proper, and the decision of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
RUSSELL, J., concurs in the result.