THIGPEN, Judge.
This appeal involves the dismissal of a workmen’s compensation complaint against the Alabama State Docks (ASD), the Alabama State Docks Self Insurance Fund, and the Alabama State Docks Escrow Account, and the grant of summary judgment favoring Southern Risk Services, Inc.
Clinton Fikes sued ASD in December 1991, alleging that while employed by ASD, he suffered an accident, and that as a result of that accident he was rendered permanently disabled. It is undisputed that ASD, by and through its Escrow Account, paid Fikes disability benefits for several months subsequent to the accident. The ASD workmen’s compensation program funds, which are held in the Alabama State Docks Escrow Account, are administered by Southern Risk Services, Inc., as an independent contractor.
The defendants’ motions to dismiss and for summary judgment based upon the doctrine of sovereign immunity were granted, and Fikes appeals. The dispositive issue is whether granting the motions was proper.
Initially we note that a motion to dismiss is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Jeannie’s Grocery v. Baldwin County Electric Membership Corp., 331 So.2d 665 (Ala.1976). There are cases in abundance sustaining the proposition that ASD and its agencies are immune from suit under the doctrine of sovereign immunity. Jones v. Alabama State Docks, 443 So.2d 902 (Ala.1983), State Docks Commission v. Sossaman, 227 Ala. 700, 149 So. 923 (1933), and State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581 (1932). Accordingly, the motion to dismiss was properly granted.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Adi reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips, 404 So.2d 614 (Ala.1981). The issue of whether summaiy judgment favoring Southern Risk Services was proper has been previously addressed by this court on similar facts. Bowden v. Southern Risk Services, Inc., 574 So.2d 813 (Ala.Civ.App.1990), cert. denied, 574 So.2d 815 (Ala.1991). Fikes’s argument that sovereign immunity was waived by the payment of some benefits is likewise unpersuasive. State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31 (1938). Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.