This is an appeal from the entry of summary judgment against James A. Bowden.
In the original complaint and two amended complaints, Bowden sought workmen's compensation benefits for an on-the-job injury he allegedly suffered while employed by defendant Alabama State Docks Department (ASD). Bowden alleged that defendants Southern Risk Services, Inc. (Southern), and National Union Fire Insurance Company (National) provided workmen's compensation insurance benefits for ASD. He further alleged that defendant Alabama State Docks Escrow Account (Escrow) is the fund providing workmen's compensation payments. The defendants' motions for summary judgment were granted, and Bowden appealed.
The dispositive issue is whether granting summary judgment in favor of all defendants was proper.
Bowden allegedly suffered an on-the-job injury in October 1986, while employed by ASD, that he contends left him disabled and for which he contends he is entitled to workmen's compensation benefits. He received some compensation from Southern as administrator of ASD funds from the Escrow. After Bowden's benefits were terminated, he filed this action.
In granting the defendants' motion for summary judgment, the trial court noted, after considering the entire record:
 "The Court finds that Defendant Alabama State Docks Department is immune from suit in this case pursuant to the provisions of the Constitution of Alabama, 1901, Article 1, Section 14. There is no dispute as to any material fact that the Alabama State Docks Department is an agency of the State of Alabama. There is no dispute as to any material fact that Southern Risk Services is an agent for the Alabama State Docks. . . . There is no dispute as to any material fact that National Union Fire Insurance Company of Pittsburgh, PA was not the *Page 814 
workmen's compensation insurer for the Alabama State Docks Department at the time of this accident. . . . There is no dispute as to any material fact that the Escrow Account which Plaintiff seeks to sue in this case is an account of the Alabama State Docks Department. . . . There is no dispute as to any material fact but that the Alabama State Docks Department has not waived its sovereign immunity as to this litigation."
Our careful review of the record reveals that the defendants' motions for summary judgment were submitted with supporting documentation. The affidavits of Frank Daniels, safety director of ASD, stated that ASD was self-insured; that Southern was not the workmen's compensation insurer but an independent contractor hired by ASD as administrator of the workmen's compensation program provided by ASD; that National was not the workmen's compensation insurer for ASD on the date of the alleged incident; and that ASD has an escrow from which payments are made to injured employees. Defendants also filed a brief supporting their motions for summary judgment citing to earlier cases, including, Jones v. Alabama StateDocks, 443 So.2d 902 (Ala. 1983), State DocksCommission v. Sossaman, 227 Ala. 700, 149 So. 923 (1933), and State Docks Commission v. Barnes, 225 Ala. 403,143 So. 581 (1932), to support their position that ASD and its agencies are immune from suit under the doctrine of sovereign immunity, and, therefore, that the defendants are entitled to summary judgment as a matter of law.
In opposition to the defendants' motions for summary judgment, Bowden relied on the pleadings and an affidavit signed by Bowden, indicating that in his 39 years of employment with ASD he had suffered one major injury and several minor injuries, which he believed were treated as workmen's compensation claims, and he concluded that because of such experiences, "[t]hroughout my years of working with the Docks, I thought that I was protected by the workmen's compensation laws." Bowden also filed a brief opposing the motions, relying on § 33-1-25, Ala. Code 1975, to support his contention that workmen's compensation benefits extend to ASD.
We note that a reviewing appellate court employs the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guaranty Ins. v. First AlabamaBank, 540 So.2d 732 (Ala. 1989). Summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.;McMullin v. AmSouth Bank, 512 So.2d 1382
(Ala.Civ.App. 1987). Further, the moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala. 1984).
The original complaint in this action was filed after June 11, 1987; therefore, the substantial evidence rule applies. § 12-21-12, Ala. Code 1975. However, abolishing the scintilla rule did nothing to change the procedure for handling the burden of proof. After the party moving for summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden of proof shifts to the non-moving party, who must show "substantial evidence" in support of his position. Bass v. Southtrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989).
We have closely and carefully reviewed the entire record in a light most favorable to Bowden. Mann v. City ofTallassee, 510 So.2d 222 (Ala. 1987). It is well established that ASD is clothed with sovereign immunity. Art. 1, § 14, Const. of Ala. 1901. ASD is merely authorized to provide insurance under § 33-1-25, Ala. Code 1975, but it is not required to do so, and the statute clearly contemplates limited coverage. Jones, supra.
Our review of the record shows that the defendants made a prima facie showing that they are immune from suit. When the burden shifted, Bowden failed to present substantial evidence supporting his position. Accordingly, summary judgment for the defendants was proper, and the decision of the trial court is due to be affirmed.
AFFIRMED. *Page 815 
RUSSELL, J., concurs.
INGRAM, P.J., concurs in result only.