The defendant, Alexsis, Inc., appeals from a judgment holding the plaintiff, Rayburn Terry, to be totally and permanently disabled as the result of a work-related injury and awarding him compensation benefits plus future medical expenses. The appeal was taken to our supreme court, which transferred it to this court. We reverse and remand.
Terry worked for the Alabama Department of Transportation (formerly the Highway Department) ("the ADOT") for approximately 25 years. He was injured on the job on June 27, 1991. He returned to work in November 1991 and worked until he retired in March 1993 with full retirement benefits of $631.56 per month. He then sued for compensation based upon his injury at work, pursuant to § 23-1-41, Ala. Code 1975 (1992 Repl.Vol.).
Section 23-1-41 authorizes the ADOT to establish a self-insurance program for ADOT employees, "covering a certain amount to be paid to the employees of the highway department who may be killed or injured in the line and scope of their employment." The statute further provides that "the amount paid to any such party on account of death or injury shall not exceed the amount or amounts as provided by the Workers' Compensation Act of this state." The self-insurance program is referred to as the Employee Injury Program.[1]
The ADOT is authorized by § 23-1-41 either to hire an outside agency to administer the Employee Injury Program or to have ADOT employees administer the program. The ADOT elected to hire Alexsis as the program administrator. Alexsis is paid a flat quarterly fee by the state for its services. The cost of the program is paid with ADOT funds.
Terry filed his action for benefits against Alexsis as the administrator of the Employee Injury Program. Alexsis moved to dismiss the action on jurisdictional grounds; that motion was denied. Alexsis then moved for a summary judgment; that motion was denied. After a trial, the court entered a judgment in which it held that Terry was permanently and totally disabled, awarded him $197,687.72 in compensation benefits, and ordered Alexsis to pay all future reasonable medical expenses. Alexsis appealed.
The dispositive issue is whether Alexsis is immune from suit as an agent of the State of Alabama. This court addressed a similar question regarding the Alabama State Docks Department ("the ASDD") in Bowden v. Southern Risk Services, Inc.,574 So.2d 813 (Ala.Civ.App. 1990), cert. quashed, Ex parte Bowden,574 So.2d 815 (Ala. 1991); Alexsis relies on our opinion inBowden. Section 33-1-25, Ala. Code 1975, authorizes the ASDD to provide insurance covering "the payment of damages on account of the injury to or death of persons." Bowden was injured while working for the ASDD. He received some compensation from the escrow account established by the ASDD to compensate injured employees. Southern Risk Services, Inc. ("Southern"), administered that escrow account for the ASDD. After Bowden's benefits were terminated, he sued the ASDD, Southern, and others. The trial court held that the ASDD was immune from suit, pursuant to the Alabama Constitution of 1901, Art. I, § 14.[2] In addition, the trial court's judgment, as quoted by theBowden court, stated:
 " 'There is no dispute as to any material fact that the Alabama State Docks Department is an agency of the State of Alabama. There is no dispute as to any material fact that Southern Risk Services is an agent for the Alabama State Docks.' "
574 So.2d at 813. The trial court entered a summary judgment against Bowden. This court affirmed, holding that the defendants had made a prima facie showing that they were immune from suit and that Bowden had *Page 1323 
failed to present substantial evidence to refute that showing.Bowden, 574 So.2d at 814. Our supreme court quashed its writ of certiorari, despite a dissent maintaining that Southern was an independent contractor doing work for the state, that sovereign immunity did not extend to independent contractors, and that Southern was the appropriate entity to be sued for the adjudication of a disputed claim for benefits from the ASDD's escrow fund. Bowden, 574 So.2d at 816 (Jones, J., concurring in part and dissenting in part).
Terry argues that Bowden is not dispositive in this case because of a distinction between § 33-1-25 and § 23-1-41. Section 33-1-25 expressly provides that although the ASDD is authorized to provide liability insurance, nothing in the statute should be interpreted as sanctioning lawsuits against the ASDD. No such language appears in § 23-1-41. Nevertheless, the absence of similar language in § 23-1-41 cannot waive sovereign immunity for the ADOT and its agents. See Druid CityHosp. Bd. v. Epperson, 378 So.2d 696 (Ala. 1979). Clearly, the ADOT is immune from suit as an agency of the State of Alabama.[3]
Had the ADOT opted to administer its Employee Injury Program with its own employees, there is no question that sovereign immunity would apply. Instead, the ADOT has chosen to contract with Alexsis for Alexsis to perform those administrative duties as its agent. We find the rationale of Bowden persuasive, and hold that Alexsis, as an agent of the ADOT, is immune from suit. See also Alabama State Docks v. Saxon, 631 So.2d 943
(Ala. 1994). This court is bound to follow the law as it presently is stated in Bowden and Saxon.
Because Terry's action is barred by the doctrine of sovereign immunity, we need not address the other issues raised by Alexsis. We note that Terry argued in his brief that a third-party beneficiary theory applied to his action against Alexsis, pursuant to caselaw interpreting § 23-1-41 before its amendment in 1981. In light of our holding that Alexsis is immune from suit, we also need not address that argument.
The trial court's judgment is reversed, and the cause is remanded with instructions to dismiss the case.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents without opinion.
MONROE, J., dissents with opinion.
[1] The present wording of § 23-1-41, authorizing the self-insured program to provide benefits for injured ADOT employees, was adopted in 1981. See Act No. 81-625, Ala. Acts 1981 at 1040, now codified in § 23-1-41, Ala. Code 1975 (1992 Repl.Vol.). Previously, § 23-1-41 had authorized the ADOT to purchase an insurance policy covering an amount to be paid to injured workers.
[2] See also Jones v. Alabama State Docks, 443 So.2d 902
(Ala. 1983); State Docks Comm'n v. Barnes, 225 Ala. 403,143 So. 581 (1932).
[3] See Barlowe v. Employers Ins. Co. of Alabama, 237 Ala. 665,188 So. 896 (1939).