The Town of Loxley ("the Town") and Barbara Denham are defendants in an action pending in the Baldwin Circuit Court. We granted them permission, pursuant to Rule 5, Ala. R.App. P., to appeal from the trial court's order rejecting their claims of immunity and denying their motions for a summary judgment. We affirm in part, reverse in part, and remand.
The plaintiff, Wilmer B. Coleman, is a state prisoner who participated in a work-release program through which he worked for the Town. Denham is an employee of the Town. She was operating a truck, transporting inmates, when Coleman fell from the back of the truck. Coleman, acting pro se, sued the Town and Denham, alleging that they had negligently or wantonly caused the injuries he claims he incurred in the fall. The Town and Denham moved for a summary judgment, arguing that they were entitled to the protection of sovereign immunity. The trial court denied their summary judgment motions.
Article I, § 14, Ala. Const. of 1901, gives the State immunity from suit. Officers, employees, and other agents of the State enjoy immunity as well, except in circumstances where they are acting either "illegally, fraudulently, in bad faith, beyond [their] authority, or under a mistaken interpretation of law, or where the lawsuit seeks to compel the performance of a legal duty or a ministerial act or to enjoin the enforcement of an unconstitutional law, or where the action is brought under the Declaratory Judgment Act." Ex parte Alabama Dep't ofForensic Sciences, 709 So.2d 455, 457 (Ala. 1997).
We first must determine whether the Town and Denham were acting as agents of the State when Coleman fell. If so, they are entitled to the protection of the State's immunity from suit pursuant to § 14, Ala. Const. of 1901, unless one of the exceptions applies. See Alexsis, Inc. v. Terry,675 So.2d 1321 (Ala.Civ.App. 1996) (holding that the company administering a self-insurance program for the Department of Transportation was an agent for the Department and was, therefore, immune from suit). See, also, Bowden v. SouthernRisk Servs., Inc., 574 So.2d 813 (Ala.Civ.App. 1990),cert. quashed, 574 So.2d 815 (Ala. 1991). Had the Department of Corrections been transporting Coleman, there would be no question that the doctrine of sovereign immunity would apply. We conclude that the Town and Denham were acting as agents of the State, by reason of their service in transporting Coleman and other inmates as a part of the work-release program.
We next consider whether Denham was entitled to immunity in her individual capacity. Because on its face Coleman's complaint makes no allegation giving rise to a claim against Denham in her official capacity as a State agent, we need not address whether *Page 909 
Denham would have immunity in her official capacity. In addition, because the complaint makes no claim against Denham in her individual capacity for a tort committed by her while she was acting as an agent of the State and within the line and scope of her employment or duties (the allegation being that when Coleman fell, Denham was engaged in "horseplay" and thus was acting outside the line and scope of her employment or duties), we need not address the question whether a copy of the complaint should have been served on the attorney general. See § 36-1-6.1, Ala. Code 1975.
An agent of the State is not protected by absolute immunity when a complaint alleges negligent or wanton conduct, but in such a case the agent may be entitled to qualified immunity.Ex parte Alabama Dep't of Forensic Sciences,709 So.2d at 457-58. In the context of a State agent's tort liability, the agent claiming immunity must demonstrate that in regard to the action alleged, the agent was discharging a discretionary, rather than a ministerial, function. Id. The availability of immunity is a question of law to be decided by the trial court. Grant v. Davis, 537 So.2d 7, 8
(Ala. 1988).
Coleman alleges that Denham was engaged in "horseplay" when the accident occurred. The Town and Denham contend that when Coleman fell from the truck Denham was driving around potholes and thus was exercising her judgment in determining the best and safest way to negotiate road hazards and how best to return the inmates safely to their prison camp. "[D]iscretionary functions are characterized by planning and decision-making, while ministerial functions are characterized by operational tasks." Ex parteAlabama Dep't of Forensic Sciences, 709 So.2d at 458. Where the exercise of a defendant's function requires due care, rather than difficult decision-making, the function is merely ministerial. Bell v. Chisom, 421 So.2d 1239, 1241
(Ala. 1982). Clearly, trying to avoid potholes while driving a motor vehicle is a ministerial, and not a discretionary, function. Denham was not entitled to qualified immunity in her individual capacity; therefore, the trial court properly denied the summary judgment as to Coleman's claims against Denham.
Coleman contends that the Town is liable under the doctrine of respondeat superior based upon Denham's acts. The Town argues that Denham's immunity should entitle it to immunity as well. Because we conclude that Denham is not entitled to immunity in her individual capacity, we need not address this argument.
Finally, we address the Town's argument that it is immune from Coleman's claims of "gross negligence" and wanton misconduct, by reason of § 11-47-190, Ala. Code 1975, which limits the liability of a municipality to negligence. The word "gross," when used in connection with the word "negligence," implies nothing more than simple negligence. Stringer v. AlabamaMidland R.R., 99 Ala. 397, 13 So. 75 (1893). This Court has construed § 11-47-190 to exclude liability for wanton misconduct. Hilliard v. City of Huntsville,585 So.2d 889, 891 (Ala. 1991). The Town is entitled to a partial summary judgment as to Coleman's claim alleging wanton misconduct; however, the trial court properly denied the summary judgment as to Coleman's other claims against the Town.
We reverse that aspect of the trial court's order denying a summary judgment as to Coleman's wantonness claim against the Town; we affirm the order in all other respects. We remand this cause for the entry of a partial summary judgment in favor of the Town as to Coleman's wantonness claim and for further proceedings as to his remaining claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
COOK, J., concurs in the result. *Page 910