Appellant, Samuel Young, appeals from the judgment of the Trumbull County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are pertinent to this appeal. Appellant was indicted on one count of aggravated murder with a firearm specification in violation of R.C. 2903.01(A) and R.C. 2941.141. Included in the count was a death penalty specification pursuant to R.C. 2929.04(A)(5), i.e., that the killing occurred during a course of conduct to kill or attempt to kill two or more persons. Appellant was also indicted on one count of attempted murder with a firearm specification in violation of R.C. 2903.02, R.C.2923.02, and R.C. 2941.141.
On August 24, 1994, appellant pleaded guilty to the charge of aggravated murder with a firearm specification. In return, the state requested that the death penalty specification be dismissed along with the attempted murder charge. The trial court granted the request. Appellant was subsequently sentenced to a prison term of life imprisonment for the aggravated murder and three years actual incarceration on the firearm specification.
On October 16, 1997, appellant filed a motion to withdraw his guilty plea, alleging ineffective assistance of trial counsel. The trial court denied appellant's motion on July 2, 1998, finding that appellant had failed to establish the existence of a manifest injustice sufficient for the trial court to allow appellant to withdraw his guilty plea. Appellant perfected a timely appeal and asserts two assignments of error for our consideration:
 "[1.] The trial court erred, to the prejudice of the Appellant, by denying Appellant's motion to withdraw his guilty plea because a manifest injustice has occurred.
 "[2.] The trial court abused its discretion in failing to grant Appellant's request for an evidentiary hearing on his motion to withdraw guilty plea."
In his first assignment of error, appellant argues that his trial counsel was ineffective, and as a result he should have been premitted to withdraw his guilty plea, for two reasons: (1) trial counsel failed to request a bill of particulars; and (2) trial counsel failed to discuss the case with appellant.
We disagree.
Crim.R. 32.1 provides:
 "Withdrawal of Guilty Plea. A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
As this court noted in Warren v. Cromley (Jan. 29, 1999), Trumbull App. No. 97-T-0213, unreported, at 2, 1999 WL 76756:
 "Although a Crim.R. 32.1 motion filed prior to sentencing should be liberally granted, a motion filed after sentencing should only be granted when the defendant demonstrates the existence of manifest injustice. Crim.R. 32.1; State v. Xie
(1992), 62 Ohio St.3d 521, 527. * * *; State v. Smith
(1977), 49 Ohio St.2d 261, * * * paragraph one of the syllabus; State v. Peterseim (1980), 68 Ohio App.2d 211, 213 * * *. Such a motion is allowable only in extraordinary circumstances. Smith at 264 * * *. The showing of a `manifest injustice' is required to discourage an accused from pleading guilty to test the weight of a potential punishment, and then withdrawing the plea if the sentence was unexpectedly severe. Peterseim at 213 * * *.
 "An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion. Peterseim; State v. Blatnik (1984), 17 Ohio App.3d 201 * * *; accord State v. Battaglia (Mar. 26, 1993), Lake App. Nos. 92-L-011 and 92-L-085, unreported, at 4, 1993 Ohio App. LEXIS 1725. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410, 413 * * *. What will constitute an abuse of discretion with respect to denying a motion to withdraw a guilty plea will necessarily vary with the facts and circumstances of each case. State v. Walton
(1981), 2 Ohio App.3d 117, 119." (Parallel citations omitted.)
 At a minimum, a motion to withdraw a plea must "`"make a prima facie showing of merit before the trial court need devote considerable time to it.'" "State v. Perry (May 2, 1997), Trumbull App. No. 95-T-5315, unreported, at 3, 1997 WL 269202, citing State v. Haney (Sept. 8, 1995), Lake App. No. 95-L-001, unreported, at 7, quoting State v. Hall
(Apr. 27, 1989), Cuyahoga App. No. 55289, unreported, at 2. Moreover,
 "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith at paragraph three of the syllabus.
Generally, a properly licensed attorney is presumed to have rendered effective assistance in representing a defendant in a criminal action. State v. Martin (Dec. 6, 1996), Lake App. No. 95-L-139, unreported, at 6, 1996 WL 76213, citing State v.Bleasdale (Sept. 6, 1996), Ashtabula App. No. 95-A-0047, unreported. As this court has previously stated:
 "`* * * the standard for deciding whether a criminal defendant has been denied his Sixth Amendment right to effective assistance of counsel, is well-established under both state and federal law. Before a conviction will be reversed on the ground of ineffective assistance, the defendant must first show that the actions of his attorney were so deficient as to constitute a substantial violation of his duties to the client. Second, if such a violation has occurred, the defendant must show that he was prejudiced by the deficient performance. As to the latter requirement, it has been held that the defendant must establish that there was a reasonable probability that the outcome of his trial would have been different but for the alleged errors. See Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136. ' State v. Farnsworth
(Aug. 13, 1993), Lake App. No. 92-L-184, unreported, at 4." Martin, 1996 WL 76213, at 6.
In applying the foregoing principals to the withdrawal of a guilty plea, this court in State v. Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826, unreported, at 4, 1995 WL 869968 stated:
 "The mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily. State v. Haynes (Mar. 3, 1995), Trumbull App. No. 93-T-4911, unreported, at 4-5."
Appellant's first argument that trial counsel was ineffective due to a failure to request a bill of particulars is clearly without merit. The record before this court shows that on two separate occasions, March 16, 1994 and April 13, 1994, appellant's lawyer made an explicit request for a bill of particulars in conjunction with discovery motions.[1] For appellant to now assert that no request was ever made is completely contrary to the record before this court.
In the alternative, appellant argues that if his trial counsel did request a bill of particulars, counsel was ineffective in not compelling the state to comply with the request. This argument is also without merit. Appellant's trial counsel filed a motion to compel discovery on April 13, 1994. Although the state had failed to provide the requested document at the time appellant entered into a plea agreement, appellant's trial counsel can hardly be held at fault for appellant's choice to enter into the plea agreement without first receiving the bill of particulars. Even if appellant's attorney was ineffective for failing to compel the state to provide a bill particulars, appellant has failed to show either how he was prejudiced by this failure or what he did not understand about the charges against him.[2]
The indictment in the instant case states in pertinent part:
 "* * * on or about the 22nd day of February 1994, at Trumbull County, Ohio, Samuel Young did purposely with prior calculation and design cause the death of Ruby Young, in violation of Section 2903.01(A) of the Ohio Revised code."
The indictment goes on further to specify that appellant committed the offense at bar as part of a course of conduct involving the purposeful killing of or attempt to kill two or more persons and that a firearm was used in committing the crime. In addition, the second count of the indictment set out the attempted murder charge, along with the accompanying firearm specification. After looking at the indictment, we are of the opinion that it was sufficiently clear to inform the defendant of the elements of the charges against him.
Appellant's second argument under his first assignment is that his trial counsel failed to discuss the case with him. Appellant contends that there were no discussions concerning trial strategy or tactics. Furthermore, appellant states that his trial counsel refused to interview any potential witnesses or present any mitigating evidence at sentencing.
Despite his contentions, appellant failed to provide the trial court with any evidence to support this argument. Moreover, appellant has also failed to provide this court with any evidence demonstrating that trial counsel's actions were substantially deficient. Instead, appellant has simply made conclusory statements as to the matters contained in his motion to withdraw.[3]
The only evidence in the record relating to appellant's plea is the document entitled "Finding on Guilty Plea to Amended Indictment," which has no less than four references to the fact that trial counsel had reviewed the case with appellant and explained the situation to him. It states in pertinent part:
 "After being fully informed by my counsel and the Court of the charge against me, I am making a plea voluntarily with the understanding of the nature of the charge and the consequences, including the penalty and the plea [.]
"* * *
 "Furthermore, I am entering the plea of guilty after being fully informed by my counsel and the Court of the elements of the charge.
"* * *
 "Furthermore, my counsel and I have fully discussed the facts and circumstances surrounding this case including the names of all witnesses. My attorney has investigated these facts and circumstances to the best of my knowledge and has discussed with me the making of or the necessity of pre-trial motions." (Emphasis added.)
For appellant to now argue that his attorney failed to discuss the case with him or interview potential witnesses, without providing evidence rebutting his written, voluntary guilty plea, completely belies the evidence.
The record before this court does not indicate that appellant's plea was invalid as a result of ineffective assistance of counsel. Even accepting both bases for appellant's first assignment of error as true, these allegations do not constitute deficient performance. Furthermore, appellant has waited over three years to withdraw his guilty plea. This delay weighs heavily against granting such a motion. Consequently, appellant has failed to establish the existence of a manifest injustice sufficient to warrant a reversal of the trial court's judgment. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant argues that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea. Appellant believes that the facts presented in his motion in support of withdraw support a claim of ineffectiveness and that such facts, if taken as true, require that the trial court permit defendant to withdraw his plea. We disagree.
A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made prior to sentencing. State v.Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. However, a hearing on a post-sentence motion to withdraw a guilty plea is required only if the facts alleged by the defendant and accepted as true would require the trial court to permit withdrawal of the guilty plea. Perry, 1997 WL 269202, at 3, citing State v. Smith (June 23, 1995), Portage App. No. 94-P-0061, unreported, at 3.
Furthermore, if the defendant fails to submit evidence containing sufficient operative facts to demonstrate that the plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing. Perry, 1997 WL 269202, at 3. A defendant's own self-serving allegations are insufficient to rebut a record demonstrating that the plea was voluntary. Id.
After reviewing appellant's original motion and the record before this court, we conclude, as did the trial court, that appellant's submissions were insufficient to compel an evidentiary hearing. Even accepting appellant's allegations as true, they do not constitute deficient performance. Without evidence of deficient performance on the part of appellant's trial counsel, the trial court did not abuse its discretion in not holding an evidentiary hearing on appellant's motion to withdraw his plea. Appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] In his reply brief, appellant argues that the trial docket does not indicate that a bill of particulars was ever requested by trial counsel and, therefore, the state went beyond the record to support this argument. However, even a cursory review of the record reveals that both motions in which a bill of particulars was requested are time-stamped by the Trumbull County Clerk of Courts. Consequently, they are a part of the record before this court.
[2] Crim.R. 7(B) requires that the indictment need only use "words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."
[3] While we recognize that a court should afford considerable leniency to those appearing in a pro se
action, particularly an incarcerated individual, leniency does not include imagining facts where they do not exist. We have conducted an exhaustive review of the record presented to this court and have found no evidence that appellant's trial counsel was ineffective.