I authored the opinion on original submission in this case. While I am now persuaded that Officer Williams's actions involved the type of judgment to which State-agent immunity applies, I must dissent from that part of the main opinion that concludes that the dispatcher is also entitled to State-agent immunity. *Page 1082 
Swan argues that he was injured as a result of Officer Williams's "failure to inspect and determine the true identity of the arrestee. . . ." (Swan's brief at 21-22.) Hueytown argues that it is immune from liability pursuant to § 6-5-338, Ala. Code 1975. "Since [Ex parte] Cranman [, 792 So.2d 392 (Ala. 2000)], we analyze immunity issues in terms of `State-agent' immunity rather than `under the dichotomy of ministerial versus discretionary functions.'" Howard v. City of Atmore,887 So.2d 201, 203 (Ala. 2003) (quoting Ex parte Hudson, 866 So.2d 1115,1117 (Ala. 2003)). In Cranman, we restated the law of State-agent immunity as follows:
 "A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
". . . .
 "(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons. . . ."
Cranman, 792 So.2d at 405 (first emphasis original; second emphasis added).
It is undisputed that the information Officer Williams relayed to the police dispatcher consisted of either Swan's driver's license number, his name and date of birth, or his Social Security number. I agree with the majority that in electing to provide any one of these three alternative items of identifying information, beyond merely providing the detainee's name, to the dispatcher in order to run the NCIC check, Officer Williams was "exercising judgment in the enforcement of the criminal laws" within the meaning of Cranman. Further, once the dispatcher confirmed, based on the information Officer Williams had provided him, that there existed a "positive warrant" on Swan, Williams made the decision to arrest Swan, also an exercise of judgment within the meaning of Cranman.
Swan also claims that the actions of the Hueytown Police Department dispatcher in using the NCIC database caused his unlawful arrest. I disagree with the majority's holding that the dispatcher was "arresting or attempting to arrest" Swan when he ran the NCIC check and relayed to Officer Williams the fact of the existence of an outstanding warrant. It was Officer Williams who arrested Swan, not the dispatcher. The dispatcher's actions are more akin to those that have been labeled by this Court as administrative and did not involve the type of judgment contemplated by Cranman.
In City of Bayou La Batre v. Robinson, 785 So.2d 1128 (Ala. 2000), we held that a magistrate's failure to properly fax a warrant-recall order did not involve the type of judgment contemplated by Cranman that would shield the municipality from liability. We held that "the magistrate . . . was, when she faxed the warrant-recall order to the police department upside down, executing an administrative duty that did not involve the exercise of judgment." Bayou La Batre, 785 So.2d at 1133. We have also held that steering a police vehicle around potholes does not involve the type of judgment to which immunity applies.Town of Loxley v. Coleman, 720 So.2d 907, 909 (Ala. 1998). I do not believe that the actions of the dispatcher in the instant case, i.e., entering information into a computer database and subsequently reading and interpreting the results of a search based on that information, constitute an arrest or an attempt to arrest, or that they otherwise involve the exercise of judgment in the enforcement of the criminal laws as contemplated byCranman. If Officer Williams provided the dispatcher with Swan's name and date *Page 1083 
of birth, his Social Security number, or his driver's license number, the dispatcher could have easily determined whether the outstanding warrant appearing in the NCIC database was issued for the arrest of the Michael Swan involved in the instant case.[10] His apparent failure to do so can hardly be described as the exercise of discretion, regardless of whether a degree of analysis that some would call dissection is necessary to reach that conclusion. Therefore, I respectfully dissent from the majority opinion insofar as it grants Hueytown immunity from liability for the actions of the dispatcher.
HARWOOD and WOODALL, JJ., concur.
[10] The majority opinion states that Officer Williams testified that the NCIC screen for a particular suspect shows the suspect's name, date of birth, and Social Security number.